UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TODD A. KING, | : Case No. 3:22-cv-184 |
| Petitioner, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Caroline H. Gentry |
| STATE OF OHIO, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in custody at the Warren Correctional Institution, has filed a motion for leave to proceed *in forma pauperis*, in connection with a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his 2020 state-court convictions in Montgomery County Court of Common Pleas case number 2019-CR-477. (*See* Doc. 1, Petition at PageID 8).

On June 9, 2022, prior to filing the instant petition, petitioner filed a separate petition for a writ of habeas corpus that also challenges his 2020 Montgomery County convictions in case number 2019-CR-477. *See King v. Warden*, No. 3:22-cv-154 (S.D. Ohio June 9, 2022) (Rose, J.; Bowman, M.J.) (Doc. 1). The petition in that case, which is pending, raises the same grounds for relief that are asserted in the petition filed in this case. Specifically, in both petitions, petitioner claims that the trial court violated his due process rights, his trial counsel was ineffective for failing to request an evidentiary hearing on his competency to stand trial, and his convictions were against the manifest weight of the evidence. *Compare* Doc. 1-1, Petition at PageID 13 *with King v. Warden*, No. 3:22-cv-154 (S.D. Ohio June 9, 2022) (Doc. 1 at PageID 5).

The Supreme Court has explained that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A federal district court has the inherent power to dismiss an action when it is duplicative of another action pending in that court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.).

Where, as here, two habeas petitions challenge the same state-court convictions and assert identical grounds for relief, the later-filed petition should be dismissed as duplicative of the earlier petition. *See, e.g., Davis v. United States Parole Comm'n,* No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (the dismissal of a later-filed habeas petition as duplicative of a pending petition "was proper" where the petitioner did "not dispute the district court's finding that the . . . petition [was] 'essentially the same' as the earlier petition"); *see also Cummings v. Rapelje,* No. 11-cv-10239, 2011 WL 346480, at *1 (E.D. Mich. Feb. 3, 2011) (and cases cited therein) ("A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions"); *Ware v. Wolfenbarger,* No. 2:07-cv-11006, 2007 WL 908004, at *1-2 (E.D. Mich. Mar. 23, 2007) (dismissing a later-filed habeas petition that "challenge[d] the same conviction and raise[d] the same claims and ma[de] the same arguments as the petition in the case pending before" another district judge). This legal principle applies squarely in this case.

Accordingly, it is hereby **RECOMMENDED** that petitioner's petition for a writ of habeas corpus be summarily **DISMISSED** without prejudice to petitioner's prosecution of the

duplicative habeas petition which is currently pending before the Court in *King v. Warden*, No. 3:22-cv-154 (S.D. Ohio June 9, 2022) (Doc. 1). *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining pending action); *Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (the dismissal of the duplicative habeas petition was "without prejudice").

In light of this recommendation, petitioner's pending motion for leave to proceed *in forma pauperis* (Doc. 1) should be **DENIED as moot.**

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice and petitioner's motion for leave to proceed *in forma pauperis* be **DENIED as moot.**

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party=s objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 3, 2022                                        */s/ Caroline H. Gentry*
                                                                                Caroline H. Gentry
                                                                                United States Magistrate Judge